IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DOROTHY J. LEOPOLD-COBB, et al.,<br><br>    Defendants.<br>_____ / | No. C 07-00210 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 11, 2008 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively DENIES** the motion for summary judgment filed by defendant Dorothy J. Leopold-Cobb's ("Leopold-Cobb") and **tentatively GRANTS** the cross-motion for

summary judgment filed by plaintiff United States of America ("Plaintiff").  The parties shall each have 15 minutes to address the following questions:

(1) Specifically where in Exhibit 3 to the declaration of Glenn Moss does Leopold-Cobb contend that Internal Revenue Service's ("IRS") lien was stripped from the entire property?

(2) Specifically where in the record is there support for Leopold-Cobb's argument that the bankruptcy court "ordered that the lien be totally removed upon payment of the agreed upon sum"?  (Response at 2.)

(3) It appears as though the parties agree that the bankruptcy proceeding stripped the lien from Dorothy Leopold-Cobb's undivided one-half interest in the property and that the parties only dispute whether the bankruptcy proceeding also stripped the lien from Herbert Leopold's undivided one-half interest in the property.  Is that correct?

(4) Where in the record is there support for Leopold-Cobb's position that Herbert Leopold was a bona fide purchaser for value?

(5) Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: April 11, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

USA,

        Plaintiff,

  v.

DOROTHY J. LEOPOLD-COBB et al,

        Defendant.

Case Number: CV07-00210 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 11, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Diana Bass
330 Helena Court
Oakley, CA 94561

Paulette E. Bass
23066 Maud Avenue
Hayward, CA 94541

Dated: April 11, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

**United States District Court**
For the Northern District of California